IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL WHITE,

    Petitioner,

v.                                             CASE NO. 1:21-cv-153-AW-GRJ

SECRETARY, FLA.
DEPT. OF CORRECTIONS,

    Respondent.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Petitioner initiated this case on September 24, 2021, by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). ECF No. 1.  The Petition stems from Petitioner's 1998 Alachua County convictions of two counts of sexual battery on a child less than twelve years of age and one count of lewd and lascivious assault upon a child under the age of 16, for which he is serving a life sentence. *Id.* Petitioner also seeks appointment of counsel.  ECF No. 2.  Petitioner has neither paid the $5.00 filing fee nor filed a motion for leave to proceed as a pauper.  The Court will not require Petitioner to correct this deficiency because the Petition is due to be dismissed as an unauthorized second or successive petition.


Petitioner previously sought federal habeas corpus relief from these same convictions.  See *White v. Sec'y Dept. of Corr.,* Case No. 1:20-cv-242-AW-GRJ (N.D. Fla. June 21, 2021) (granting Respondent's motion to dismiss the petition as time-barred and denying a COA); *White v. Sec'y Dept. of Corr.,* Case No. 1:09-cv-106-MP-AK (N.D. Fla. July 8, 2009) (*sua sponte* dismissing petition as time-barred).[1]

In order to file a second or successive § 2254 petition challenging the same conviction, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it.  *Holland v. Sec'y, Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (citing 28 U.S.C. § 2244(b)(3)(A)).  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *Id.* (citing *Burton v. Stewart*, 549 U.S. 147, 157 (2007)); *see also In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016) ("The Supreme Court and this Court have held that § 2244(b)(3)(A) is jurisdictional.  Stated another way, when a petitioner fails to seek permission from the court of appeals to file a second or successive petition, the district court lacks jurisdiction to consider it.").

---

[1] During the pendency of Case No. 1:20-cv-242 before the undersigned, neither Petitioner nor Respondent informed the Court of Petitioner's 2009 federal habeas case.

Petitioner has not demonstrated that he has obtained the requisite authorization from the Eleventh Circuit to file a successive habeas petition, nor does this Court's review of the PACER case index reflect that he has done so. The Court, therefore, must dismiss the instant Petition. *Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1180 (11th Cir. 2019).

Accordingly, it is **ORDERED** that Petitioner's Motion for Appointment of Counsel, ECF No. 2, is **DENIED.**

It is respectfully **RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, should be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** this 28th day of September 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.